**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JUN 1 7 2014

JAMES W. McCORMACK, CLERK
By:_____
                          DEP CLERK

SHEMEKA L. FREEMAN                                          **PLAINTIFF**

VS.                               4:14 cv 364 JM

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS                                          **DEFENDANT**

<u>Introduction</u>

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq*. (Title VII of the

Civil Rights Act of 1964, as amended), pursuant to 42 U.S.C. S. 1981, 42 U.S.C.S. § 12101

(American with Disabilities Act), in order to recover damages against the defendant for the unlawful

discriminatory employment practices that the plaintiff, **Shemeka L. Freeman** has been subjected

to, all on account of her race and disability.  The plaintiff also brings this action against the defendant

for having retaliated against her after complaining about acts of discrimination. This is also an action

for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations

between the parties.  The plaintiff is  also seeking equitable relief and injunctive relief as well.

I.      This case assigned to District Judge Moody
        and to Magistrate Judge Volpe

<u>Jurisdiction</u>

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343,

1391, 42 U.S.C. §§ 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended), 42

U.S.C.S. § 1981, 42 U.S.C.S. § 12101 (Americans with Disabilities Act), and 29 U.S.C.S. § 626

(ADEA).

1

2.    The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in Pulaski County, Arkansas.

II.

Parties

3.    The plaintiff Shemeka L. Freeman, is an African-American female, and is a resident of the United States of America.

4.    The defendant **Cellco Partnership d/b/a Verizon Wireless** (hereinafter referred to as Verizon Wireless) is a foreign general partnership, that is licensed to do business in the State of Arkansas as a provider of wireless phone service, and maintains a facility in Little Rock, Arkansas. The agent for service of process is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

5.    The defendant owns and operates Verizon Wireless, which is located at 1 Allied Drive, Little Rock, Arkansas 72202.

6.    The defendant **Cellco Partnership d/b/a Verizon Wireless**, hereinafter referred to as Verizon Wireless, is an employer within the meaning of 42 U.S.C. § 2000e (b), (g), and (h). The defendant maintains an office in Little Rock, Arkansas.

III.

Facts

7.    The plaintiff was hired by the defendant on or about May 26, 2009 working in customer service, as a customer service representative.

8.    On April 17, 2011, the plaintiff was promoted to the position of Customer Service

2

Coordinator - Technical Support I ("Coordinator").

9.      For most of her tenure with the defendant, the plaintiff worked at the defendant's call center, which is located at 1 Verizon Drive, Little Rock, Arkansas 72202.

10.     In November 2011, the plaintiff was involved in an automobile accident, and had to go out on short term disability.

11.     In January 2012, the plaintiff returned to work.

12.     However, the plaintiff then had to take some time off, using intermittent leave under the Family and Medical Leave Act (FMLA), in order to take care of her mother, who was suffering from cancer.

13.     The plaintiff suffers from fibromyalgia as well as from carpal tunnel syndrome.

14.     Due to the plaintiff's illness, she had to take leave from June 2012 until August 23, 2012.

15.     The plaintiff was involved in a second car accident in October 2012, she again had to take short term disability leave from November 19, 2012 until January 28, 2013, due to her carpal tunnel and fibromyalgia.

16.     During the latter part of January 2013, the defendant advised the plaintiff that if she did not return to work, she would be terminated.

17.     Without the approval of her doctor, on or about January 28, 2013, the plaintiff returned to work.

18.     When the plaintiff returned to work on January 28, 2013, she was moved to the Tech Support Coordinator I position, and the defendant purchased a voice activated software to assist the plaintiff in her job duties.

19.     However, the plaintiff's physician found out that she had gone back to work without his approval, and instructed the plaintiff that she needed to take off work, due to her medical condition; therefore,  on or about February 18, 2013, the plaintiff went back out on short term disability.

20.     On or about February 6, 2013, the plaintiff and her doctor Pramod Nelluri, M. D., submitted a "Workplace Arrangement Request Form," requesting that the plaintiff be off work from January 2013 to sometime in March 2013.

21.     On March 26, 2013, the plaintiff had surgery on her right hand due to the carpal tunnel syndrome.

22.     Despite the request for the plaintiff to be off due to her disability, during the time period of February 2013 until March 2013, the plaintiff was advised that if she did not return to work on or before March 21, 2013, her absences for the above time period would be considered as "unauthorized leave," and she would be terminated.

23.     The plaintiff spoke with Megan McLean, a human resources representative on approximately June 11, 2013, advising her that the plaintiff may have to go out on long term disability.

24.     The plaintiff was terminated on June 18, 2013.

## IV.

### Violation of the Americans with Disabilities Act

25.     The plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24, *supra.*, inclusive as though set forth herein word for word.

26.     The plaintiff was disabled due to her medical condition as described herein, as that

4

term is defined by the American with Disabilities Act.

27.    Despite the fact that the plaintiff was advised to take off work due to her disability during the time period of February 2013 until after her surgery, which occurred on March 26, 2013, the plaintiff was terminated from her place of employment with the defendant.

28.    Although the plaintiff requested reasonable accommodations, the defendant refused to accommodate the plaintiff's disability.

29.    The defendant refused to engage in the informal and/or interactive process to identify the plaintiff's disability, and to allow reasonable accommodations to assist the plaintiff in overcoming her limitations.

30.    Despite the fact that the defendant was aware of the plaintiff's disability, and the fact that the plaintiff requested reasonable accommodations, the defendant refused in good faith to reasonably accommodate the plaintiff's limitations, in violations of the Americans with Disabilities Act (ADA).

## V.

### 42 U. S. C. S. § 1981 (Race Discrimination)

31.    The plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30, *supra.*, inclusive as though set forth herein word for word.

32.    The defendant failed to provide reasonable accommodations to the plaintiff's disability.

33.    A Caucasian female by the name of Dawn Michelle Hambrick, was employed by the defendant as a Technical Support Coordinator I.

34.    Dawn Michelle Hambrick also suffered from fibromyalgia, and had to miss a lot of

work due to her medical condition.

35.     The plaintiff and Dawn Michelle Hambrick worked in the same department, had the same job title, and worked under the same supervisor.

36.     The defendant afforded Ms. Hambrick terms and conditions of her employment, that were not afforded to the plaintiff, on account of plaintiff's race, in violation of 42 U.S.C.S. § 1981.

37.     The defendant worked with Ms. Hambrick, by affording her with light duty type work and by giving her time off, conditions that were not afforded to the plaintiff.

38.     Ms. Hambrick was also not threaten with termination, if she did not return to work, as like the plaintiff was.

39.     Again, the defendant afforded Ms. Hambrick with terms and conditions of her employment, that were not afforded to the plaintiff due to her race, in violation of 42 U.S.C.S. § 1981.

40.     However, once it became apparent that the plaintiff was using Ms. Hambrick as a comparator, the defendant decided to terminate her employment on or about March 21, 2014, in order to insulate itself from a claim of discrimination based on race.

41.     On July 31, 2013, the plaintiff filed an Charge of Discrimination (Charge No. 493-2013-01331) with the Equal Employment Opportunity Commission (EEOC), indicating that she was being discriminated against on account of her disability, due to being terminated from her place of employment with the defendant[1]. (**A copy of said "Charge of Discrimination" is attached to this complaint and is identified as Plaintiff's Exhibit "A"**).

42.     In response to Plaintiff's Charge of Discrimination filed with the EEOC, said agency

_____

[1]The plaintiff filed an Amended Charge of Discrimination, adding the claim of race discrimination on March 14, 2014.

issued him a "Dismissal and Notice of Rights" letter dated March 17, 2014, which *inter alia* gave the plaintiff the right to sue the defendants within 90 days from the date she received the above mentioned letter, which was received by the plaintiff on about March 20, 2014. (**A copy of said "Dismissal and Notice of Rights" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

43.     As a direct and proximate cause of the unlawful employment practices committed by the defendant, the plaintiff has suffered damages, by way of lost income, humiliation, mental anguish, all in amount to be proven at the trial of this matter.

44.     The above mentioned acts of discrimination were committed with malice and with reckless indifference towards the federally protected rights of the plaintiff, that an award of punitive damages is warranted.

## Jury Demand

45.     The plaintiff requests that this matter be submitted to a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above described unlawful employment practices:

a.     declare that the plaintiff has been subjected to unlawful discriminatory practices;

b.     compensatory damages and punitive damages;

c.     the costs of prosecuting this action;

d.     attorneys fees;

e.     injunctive relief, enjoining the defendant from further acts of discrimination and

7

retaliatory conduct;

f.      and for all other equitable, legal,  and just relief.

Respectfully submitted,

PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1300
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com

By: _____

      Austin Porter Jr., No. 86145

Filed this 17th day of June 2014.

8

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | AMENDED |
| ☒ EEOC | 493-2013-01331 |
|  | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Shemeka L. Freeman** | **(501) 541-5003** | **03-13-1980** |

| Street Address | City, State and ZIP Code |
|---|---|
| **27 Ponds Edge Lane, Alexander, AR 72002** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **VERIZON WIRELESS** | 201 - 500 | **(501) 905-5527** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1 Allied Drive,  Little Rock, AR 72202** | |

RECEIVED MAR 14 2014 U.S. EEOC LRAO

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **06-19-2013** | **06-19-2013** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about 05/2009, I was hired with my most recent position as a Tech Support Coordinator I.  Starting around 11/2011, I have been out on medical leave several times.  On or about 06/19/2013, I was discharged.

I was told I was discharged because my doctor information did not cover the time periods I was off work on medical leave.

I believe I was discharged because of my disability in violation of the Americans with Disabilities Act of 1990, as amended. and because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED JUL 3 1 2013 U.S. EEOC LRAO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

P 3/14/14
7/31/13

Date          Charging Party Signature

PLAINTIFF'S EXHIBIT

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Shemeka L. Freeman**
**27 Ponds Edge Lane**
**Alexander, AR 72002**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

[ ]   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2013-01331 | **Kerie M. Frantzen,**<br>**Investigator** | **(501) 324-5360** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

William Cash Jr. /KF

**William A. Cash, Jr.,**
**Area Office Director**

**MAR 1 7 2014**

(Date Mailed)

Enclosures(s)

cc:   **Michi Haire**
**Assoc. Director HR Compliance**
**VERIZON WIRELESS**
**1 Verizon Way**
**Basking Ridge, NJ 07920**

